UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE COOPER,

    Petitioner,
a
-vs-                                                    Case No.   8:20-cv-1585-T-36CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 5), in which he challenges plea-based convictions for possession of marijuana and possession of drug paraphernalia entered in Polk County, Florida, in 2016. He contends that the convictions should be overturned because his plea was unknowing and involuntary, since the trial judge told him that the convictions would not be "on his record." He alleges that because of the convictions, he was taken into custody by the U.S. Immigration and Customs Enforcement ("ICE") and is currently awaiting deportation. Respondent moves to dismiss the petition (Doc. 14). Upon consideration, the petition will be dismissed for lack of jurisdiction.

"Section 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court.'" *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004)

1

(quoting 28 U.S.C. § 2254(a)). The United States Supreme Court has interpreted § 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). At the time the petition was filed in July 2020, Petitioner was not "in custody" under the convictions he challenges because the sentences for those convictions (twelve months on probation) were discharged on February 28, 2017 (*See* Doc. 14-2, Exhibit 5). And although Petitioner is in ICE custody awaiting deportation, that is insufficient to render him "in custody" for purposes of § 2254(a). *See Llovera–Linares v. Florida*, 559 Fed. App'x 949, 952 (11th Cir. 2014) (petitioner in federal immigration detention awaiting deportation was not "in custody" under § 2254(a)). Accordingly, this Court is without jurisdiction to consider the petition. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988) (the "in custody" requirement of § 2254(a) is jurisdictional); *Diaz v. Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1264 (11th Cir. 2012) ("Diaz's state sentence had fully expired at the time he filed his § 2254 petition and therefore deprived the district court of jurisdiction to decide the petition's merits.").

It is therefore **ORDERED** that Respondent's motion to dismiss (Doc. 14) is **GRANTED**. The Amended Petition for Writ of Habeas Corpus (Doc. 5) is **DISMISSED**. The **Clerk** is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on December 14, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record